

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable J. E. McDonald, Commissioner
Department of Agriculture
Austin, Texas

Dear Sir:                              Opinion No. 0-5983
                                       Re: Is it permissible for a
                                       land owner to sow John-
                                       son grass seed on his
                                       land if he so desires?
                                       If so, is it allowed in
                                       Deaf Smith and Castro
                                       Counties?

We have carefully considered your letter of April 24th, requesting our opinion on the question:

"Is it permissible for a land owner to sow Johnson grass seed on his land if he so desires? If so, is it allowed in Deaf Smith and Castro Counties?"

Pertinent statutes dealing with the sowing of seeds of Johnson grass are as follows:

Article 1359, Vernon's Annotated Penal Statutes:

"Whoever shall wilfully and with intent to injure, sow, scatter or place, on any land not his own, the seed or roots of Johnson Grass, or Russian Thistle, or wilfully and knowingly sell, or give away any oats, hay, straw, seed or grain containing or intermixed with the seeds or roots of Johnson Grass, to any one who is ignorant of the fact that such seeds or roots are so contained in or intermixed with such oats, hay, straw, seed or grain shall be fined not less than twenty-five nor more than one thousand dollars. It shall not be necessary to allege or prove the name of the owner of the land but it shall be sufficient to allege and prove that the land was not defendant's."

MUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. E. McDonald, page 2

Article 1360, Vernon's Annotated Penal Statutes:

"No person, association of persons, corporation, water improvement or irrigation district owning, leasing or operating any ditch or canal or reservoir, or cultivating any lands abutting upon any reservior, ditch, flume, canal, wasteway or lateral shall permit Johnson Grass or Russian Thistle to go to seed upon such reservoir, ditch, flume, canal, waste-way or lateral within ten feet of the high water line of any such reservoir, ditch, flume, canal, wasteway, or lateral, where the same crosses or lies upon land in the ownership or control of any such person, association of persons, corporation, water improvement or irrigation district. Any person violating any provision of this article shall be fined not less than twenty-five nor more than five hundred dollars, or be imprisoned in jail not less than thirty days nor more than six months, or both. This article shall not apply to Tom Green, Sterling, Irion, Schleicher, McCullough, Brewster, Menard, Maverick, Kinney, Val Verde and San Saba Counties."

Articles 7598 and 7599, Vernon's Annotated Civil Statutes, provide in essence the same as Article 1360, supra.

An examination of the above statutes and others dealing with Johnson grass fails to disclose any provision making it unlawful to sow Johnson grass upon your own premises with the exception of Article 1360, supra, (also embodied in Articles 7598 and 7599, supra.)

However, in Gulf C. & S. F. R. Co. v. Oakes, 94 Tex. 155, 58 S. W. 999, 52 L. R. A. 293, 86 Am. St. Rep. 835, the Texas Supreme Court, said, in dictum, in referring to the use of injunctions by an adjoining land owner to enjoin a land owner from sowing upon his own land the seed of Johnson grass:

". . . It may be conceded that if a mischievous grass, not naturally growing upon land, but brought there by its owner, would inevitably so spread upon adjoining farms as to destroy their

Honorable J. E. McDonald, page 3

capacity to produce any other crops, the intro-
duction of it would be an unreasonable use of his
land by such owner, because it would force others
to forego all other uses of their own property.
And so it might be under such circumstances less
extreme than those supposed. But it is obvious
that to establish a liability of this sort, the
evidence must show the facts necessary to give
rise to it."

In view of the foregoing and in answer to your
first question, we feel that a person may sow seeds of John-
son grass upon his own land if he so desires, unless the land
comes within the provisions of Article 1360, supra, (also
embodied in Articles 7598 and 7599, supra), but under certain
conditions there may be an injunction restraint by an adjoin-
ing land owner as indicated in Gulf C. & S. F. R. Co. v.
Oakes, supra. This also answers your second question, Deaf
Smith and Castro counties being no exceptions.

Trusting this satisfactorily answers your questions,
and with best regards, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Fred C. Chandler*

Fred C. Chandler
Assistant

By *Elton M. Hyder, Jr.*

Elton M. Hyder, Jr.

APPROVED MAY 8, 1944

ATTORNEY GENERAL OF TEXAS

EMH:db